UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEIDI MARTINEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MORGAN STANLEY & CO. INCORPORATED, *et al.,*<br><br>Defendants. | Civil No. 09cv2937-L(JMA)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

Defendants removed this wages and hours action from State court. The notice of removal is based on diversity jurisdiction pursuant to 28 U.S.C. Sections 1332 and 1441, or in the alternative, on the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453. (Notice of Removal at 2-3.) Plaintiff filed a motion to remand arguing that Defendants failed to establish the requisite diversity of citizenship and the jurisdictional amount in controversy. For the reasons which follow, Plaintiff's motion is **GRANTED**.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006). "Except as otherwise expressly provided by Act of Congress, any civil action

brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. University of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380. "The traditional rule of burden allocation in determining removal jurisdiction was meant to comport with what the Supreme Court has termed '[t]he dominant note in the successive enactments of Congress relating to diversity jurisdiction,' that is, 'jealous restriction, of avoiding offense to state sensitiveness, and of relieving the federal courts of the overwhelming burden of business that intrinsically belongs to the state courts in order to keep them free for their distinctive federal business.'" *Abrego Abrego*, 443 at 685, quoting *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76 (1941).

This putative class action was removed in part based on diversity jurisdiction under 28 U.S.C. Section 1332(d). "Section 1332(d), added by [Class Action Fairness Act of 2005, "CAFA"], vests the district court with 'original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which' the parties satisfy, among other requirements, minimal diversity." *Id*. at 680 (footnote omitted). The burden of establishing removal jurisdiction, including the amount in controversy requirement under CAFA, is on the defendant. *Id*. at 682-85. Plaintiff argues that Defendants failed to meet their burden with respect to the minimal diversity of parties and jurisdictional amount requirements.

The minimal diversity requirement is met when "[a]ny member of the class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(A). It is undisputed that

Plaintiff is a California citizen. (Notice of Removal at 3.) At the time of removal, Plaintiff had named three Defendants: Morgan Stanley & Co. Incorporated, Morgan Stanley DW, Inc. and Morgan Stanley Smith Barney LLC.[1]

For purposes of diversity, a corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . .." 28 U.S.C. § 1332(c)(1). It is undisputed that Defendant Morgan Stanley & Co. Incorporated was incorporated under the laws of Delaware. (*See* Decl. of Cheryl A. Grassman in Supp. of Defs' Opp'n to Pl.'s Mot. to Remand ("Grassman Opp'n Decl.") at 2.) Plaintiff disputes, however, that Defendants submitted sufficient evidence of its principal place of business.

A corporation's principal place of business is its "nerve center," *i.e.*,

> the place where a corporation's officers direct, control, and coordinate the corporation's activities. . . . And in practice it should normally be the place where the corporation maintains its headquarters - provided that the headquarters is the actual center of direction, control, and coordination . . . and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*The Hertz Corp. v. Friend*, __ U.S. __, 130 S. Ct. 1181, 1192 (2010). "The burden of persuasion for establishing diversity jurisdiction [rests] on the party asserting it. When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." *Id.* at 1194-95 (internal citations omitted).

In response to Plaintiff's challenge, Defendants submitted a declaration of Cheryl Grassman. (Grassman Opp'n Decl. at 2.) She stated that the company's

> corporate headquarters are located in New York, and its corporate books and records are located in New York. Most of Morgan Stanley's executive and administrative functions are performed in its New York headquarters. Morgan Stanley's officers, including the president, chief executive officer, chief administrative officer, chief financial officer, corporate secretary, and treasurer, all work out of the New York headquarters. Morgan Stanley's executive officers direct, control, and coordinate Morgan Stanley's activities from the New York headquarters. Its officers are not located in California.

(*Id.* at 2-3.)

---

[1] The complaint included only Morgan Stanley & Co. Incorporated and Morgan Stanley DW, Inc. (Notice of Removal Ex. 1.) Subsequently Plaintiff amended it to add Morgan Stanley Smith Barney LLC and Morgan Stanley Smith Barney Financing LLC. (*Id.* Ex. 2.) She later dismissed the complaint as to Morgan Stanley Smith Barney Financing LLC. (*Id.* Ex. 3.)

Plaintiff argues that the declaration is conclusory, just a bare reciting of the holding in *Hertz*, and notes that no executive officer of Morgan Stanley & Co. Incorporated offered a declaration. (Reply at 3-4).[2] Plaintiff's arguments are primarily directed to the lack of foundation for the statements regarding the principal place of business. *See* Fed. R. Evid. 602.

As foundation Ms. Grassman offered that because of her job duties as the Assistant Secretary of Morgan Stanley & Co. Incorporated employed in its Legal and Compliance Department, she knew the facts in her declaration to be true of her own personal knowledge. (Grassman Opp'n Decl. at 2.) Ms. Grassman did not elaborate on her job duties or state how they made it possible for her to acquire the personal knowledge regarding where the executive officers "direct, control, and coordinate" the company's business. She did not provide any other basis for her personal knowledge, for example, that she worked at an office in the headquarters and frequently saw the executive officers direct, control, and coordinate the company's business at that location. As noted in *Hertz*, an office where the corporation merely holds its board meetings is not necessarily its principal place of business. 130 S. Ct. at 1192; *see also id.* at 1195. The negative statement that the "officers are not located in California" lacks foundation for the same reasons. Furthermore, it does not address the nerve center test, which does not consider simply where the officers are located but where they direct, control, and coordinate the corporation's activities. Because Ms. Grassman's declaration regarding Morgan Stanley & Co. Incorporated's principal place of business lacks foundation, it is insufficient to overcome Plaintiff's objections to removal.

Ms. Grassman's declaration regarding the principal place of business of Defendant Morgan Stanley DW, Inc., prior to its merger with Morgan Stanley & Co. Incorporated (*see* Grassman Opp'n Decl. at 3), is almost identical as with respect to Morgan Stanley & Co. Incorporated and suffers from the same lack of foundation.

---

[2] Some of Plaintiff's arguments were made with reference to the declaration of Charlene R. Herzer. (*See* Reply at 3-4.) The same arguments apply to Ms. Grassman's declaration because they both use nearly identical language to describe the principal place of business of the various business entities involved in the jurisdictional inquiry, both declarants hold the same position, each with a different company, and neither of them is an executive officer.

Because Defendant Morgan Stanley Smith Barney LLC is not a corporation, the jurisdictional inquiry differs somewhat from that for corporate defendants. The citizenship of a limited liability company for purposes of diversity jurisdiction is determined by examining the citizenship of each of its members. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990). Defendants filed three declarations addressing the complex ownership structure of Morgan Stanley Smith Barney LLC. (*See* Grassman Opp'n Decl. at 3; Decl. of Charlene R. Herzer in Supp. of Defs' Opp'n to Pl.'s Mot. to Remand ("Herzer Opp'n Decl.") at 2; Decl. of Eugene V. Clark in Supp. of Defs' Opp'n to Pl.'s Mot. to Remand at 2.) Ultimately Morgan Stanley Smith Barney LLC is owned by several corporations, including MS Financing, Inc., Morgan Stanley Commercial Financial Services, Inc., Morgan Stanley International Holdings, Inc. and Defendant Morgan Stanley & Co. Incorporated. (*See* Grassman Opp'n Decl. at 3; Herzer Opp'n Decl. at 2.) The declarations regrading the principal place of business of these entities suffer from the same foundational defect discussed above and are therefore insufficient to overcome Plaintiff's objection to removal.

Based on the foregoing, Defendants did not meet their burden on removal to show minimal diversity as required for removal under CAFA, 28 U.S.C. §1332(d). *A fortiori* they cannot meet their burden to show complete diversity under 28 U.S.C. Section 1332(a). Plaintiff's motion can therefore be **GRANTED** on this ground alone.

In the alternative, Plaintiff argues that Defendants did not meet their burden to show that the amount in controversy is met either under 28 U.S.C. Section 1332(a) or (d). The burden of establishing removal jurisdiction, including the amount in controversy requirement is on the defendant. *Abrego Abrego*, 443 F.3d at 682-85.

To determine whether the amount in controversy has been met on removal, "[t]he district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy. If not, the court may consider facts in the removal petition, and may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Id.* at 690, quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

Plaintiff was employed by Defendants as a Broker Assistant. (Compl. at 4.) She claims that she and other assistants in Defendants' employment were not paid for overtime, were not allowed to take rest breaks every work day, were not provided with meal periods, and did not receive itemized wage statements accurately reflecting the hours worked as required by California law. (*Id.* 4-7.) Plaintiff seeks certification of a class action consisting of Defendants' employees who worked as assistants in California since December 1, 2005 who were not paid for their overtime work. (*Id.* at 7-8.) She also seeks certification of subclasses for the associates who were not paid for missed meal and rest periods and who were not provided with itemized wage statements. (*Id.* at 7-8.) Plaintiff asserts claims for failure to pay overtime wages, failure to provide rest and meal periods, failure to provide itemized employee wage statements, conversion of unpaid wages and unfair competition on behalf of herself and the class. (*Id.* at 11-22.) She seeks damages according to proof, unspecified statutory penalties, restitution in an unspecified amount, injunctive relief, interest, costs and attorney's fees. (*Id. passim* & at 22-23.) Based on the foregoing, it is not "facially apparent" from the complaint whether the jurisdictional amount is in controversy. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

"Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Abrego Abrego*, 443 F.3d at 683. "Under this burden, the defendant must provide evidence that it is 'more likely than not' that the amount in controversy" satisfies the federal diversity jurisdictional amount requirement. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

For purposes of diversity under 28 U.S.C. Section 1332(a), the matter in controversy on Plaintiff's individual claim must exceed $75,000. If it does, the court may exercise supplemental jurisdiction pursuant to 28 U.S.C. Section 1367(a) over the claims of the putative class members. *See Exxon Mobil Corp. v. Allapattah Serv., Inc.* 545 U.S. 546, 559 (2005).

Defendants argue that the matter in controversy exceeds $75,000 because Plaintiff's individual claim for unpaid overtime exceeds this amount. (Opp'n at 7.) Defendants'

calculation is based on Plaintiff's allegation that she "worked approximately 12 hours per weekday [and] approximately 60 hours per week" and that "[f]or at least four years preceding the filing of this action, [she] consistently worked in excess of eight hours in a day and/or in excess of forty hours in a week" without overtime compensation. (Compl. at 5, 12-13.) Defendants assume that Plaintiff worked four hours of unpaid overtime per workday for the entire class period. (Opp'n at 7.) This assumption is not supported by Plaintiff's allegations or any evidence submitted by Defendants. Defendants' estimates of the value of Plaintiff's other claims, even if accepted on their face value, fall far short of $75,000. (*See* Opp'n at 7-8.) Based on Defendants' evidence and argument, the court cannot conclude that it is more likely that not that Plaintiff's individual claim exceeds $75,000.

Defendants also argue that the matter in controversy for the class exceeds the $5 million as required under CAFA. Defendants' arguments are based on the assumption that every assistant who worked for them during the class period worked overtime. This assumption is unsupported by evidence or the complaint. Rather than alleging that every assistant worked overtime, the complaint alleges that every assistant who worked overtime is a putative class member. (Compl. at 7.) This unsupported assumption alone undermines Defendants' arguments because the number of class members may be smaller than the total number of associates who worked for Defendants during the class period. Moreover, Defendants' arguments and calculations are further undermined by additional unsupported assumptions discussed below.

With respect to the overtime claim, Defendants use Plaintiff's allegation that she worked approximately 12 hours per weekday and approximately 60 hours per week (Compl. at 5) and assume that every associate worked four unpaid overtime hours every work day. (Opp'n at 9-10.) Although Plaintiff alleged that her claims are typical of the class as a whole (Compl. at 9) and that class members consistently worked overtime (*id*. at 12), this does not provide a basis to assume that every class member worked any particular number of overtime hours, much less that he or she worked the same number of overtime hours every workday as Plaintiff did on an unspecified occasion. Defendants provided no evidence to support their assumption. Their alternative calculations, based on the assumption of 4 hours of unpaid overtime per week and 10

hours of unpaid overtime per month, respectively, are equally unsupported by evidence.

With respect to the rest and meal periods, Plaintiff alleged that she "frequently missed meal and rest periods" and that "[i]t was the environment at Morgan Stanley for Assistants to forego and work through his/her statutory right to rest breaks." (*Id*. at 5.) "Morgan Stanley created such unrealistic production goals for their Financial Advisors, that the Financial Advisors then, passed this increased and related administrative work to all Assistants, which in turn, required Plaintiff and the Assistants to work the entire day without rest and/or meal period." (*Id*. at 5-6.) Based on the foregoing, Defendants assume that assistants were not provided three rest or meal breaks per week. (Opp'n at 11.) This assumption is unsupported by the allegations in the complaint or by evidence.

Plaintiff also seeks relief under California Labor Code Section 203 (Compl. at 13, 15, 16, 23), which provides for penalties when an employer fails immediately to pay earned wages upon termination of employment. In such cases, wages continue until paid, up to a maximum of 30 days. *Id*. Defendants' calculation of estimated penalties assumes that no terminated associate was paid immediately and that each waited for at least 30 days. This assumption is unsupported by the allegations in the complaint or Defendants' evidence.

Finally, Plaintiff seeks relief pursuant to California Labor Code Section 226, which provides for a penalty of $50 for the initial pay period and $100 for each subsequent pay period, up to a total of $4,000, when the employer intentionally fails to provide an accurate wage statement. Plaintiff alleged that "Defendants knowingly and intentionally omitted the total number of hours worked by the Plaintiff and each member of the Plaintiff Subclass on each wage statement that it issued." (Compl. at 17.) Statutes for a penalty such as Labor Code Section 226 are governed by a one-year statute of limitations. *See* Cal. Code Civ. Proc. 340(a). Accordingly, wage statements issued after December 1, 2008 come within the limitation period. (*See* Notice of Removal Ex. 1.) Defendants make their penalty calculation based on the assumption that 1,000 associates each received 20 pay statements during the one-year statute of limitations period. (Opp'n at 12-13.) Defendants' evidence does not support their calculations because it does not state how many statements were issued to putative class members during the

limitations period. (Decl. of Patricia Gould in Supp. of Defs' Opp'n to Pl.'s Mot. to Remand at 2 & 3.)  For example, the evidence of the average length of employment, which is relevant in the absence of information about each class member's length of employment, applies to a time period other than the one-year statute of limitations.  (*See id.*)

Based on the foregoing, Defendants have not met their burden of showing that it is more likely than not that the matter in controversy for the class action exceeds $5 million or that Plaintiff's individual claims exceed $75,000.  Plaintiff's motion to remand is therefore **GRANTED** on this alternative ground.

Defendants have not met their burden of establishing removal jurisdiction.  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus*, 980 F.2d at 566.  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  Accordingly, this action is **REMANDED** to the Superior Court of the State of California for the County of San Diego.

**IT IS SO ORDERED.**

DATED:  August 9, 2010

M. James Lorenz
United States District Court Judge

COPY TO:

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL